UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MICHAEL VANETTEN, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>JUDITH DAIGLE, ARAMARK, and )<br>YORK COUNTY JAIL )<br>)<br>Defendants ) | 2:22-cv-00291-JDL |

## RECOMMENDED DECISION ON
## DEFENDANTS' MOTIONS TO DISMISS

Plaintiff seeks to recover damages allegedly resulting from several incidents that occurred while he was incarcerated at the York County Jail. (Complaint, ECF No. 1.)[1] Plaintiff joined as defendants, York County,[2] Aramark, which provided food services at the jail, and Judith Daigle, who worked for Aramark at the jail. Defendants move to dismiss Plaintiff's complaint. (Motions to Dismiss, ECF Nos. 23, 25.)

---

[1] Throughout their memorandum of law, Defendants Daigle and Aramark refer to Plaintiff's complaint as a "purported complaint." (Memorandum of Law, ECF No. 25-1.) Defendants evidently question the court's docketing of Plaintiff's filing as a complaint. (Memorandum of Law at 2 – 3.)  As this District recently reiterated, "'as a general rule, [courts] are solicitous of the obstacles that pro se litigants face, and while such litigants are not exempt from procedural rules, we hold pro se pleadings to less demanding standards than those drafted by lawyers and endeavor, within reasonable limits, to guard against the loss of pro se claims due to technical defects.'" *Roussel v. Mayo*, No. 1:22-cv-00285-JAW, 2023 WL 1100308, at *2 (D. Me. Jan. 30, 2023) (quoting *Dutil v. Murphy*, 550 F.3d 154, 158 (1st Cir. 2008)).  The docketing of Plaintiff's filing as a complaint is consistent with this principle.

[2] Plaintiff named York County Jail as a party to this action.  Although the jail is not a proper party to this action, the Court can reasonably construe Plaintiff's allegations as attempting to assert a claim against York County.  *See, e.g., Gurhan v. City of Saco*, No. 2:19-cv-00349, 2019 WL 5589044, at *1 n.2 (D. Me. Oct. 30, 2019).

Following a review of the record and after consideration of the parties' arguments, I recommend the Court grant the motions of Defendants York County and Aramark but deny Defendant Daigle's motion.

## FACTUAL BACKGROUND[3]

Plaintiff alleges that while he was incarcerated at York County Jail, he worked as an "inmate kitchen trusty earning time off [his] sentence." (Complaint, at 1.) Plaintiff alleges that for about two weeks during his employment in July-August 2020, Defendant Daigle, who was employed by Aramark and was his "superior" in the kitchen, "made sexual comments," "invaded [his] personal space," and "placed her hand on [his] genitals" on three occasions. (*Id.*) Plaintiff alleges that he told Defendant Daigle that her actions and comments made him uncomfortable. (*Id.*)

Plaintiff asserts that on one occasion, Defendant Daigle followed him in the walk-in refrigerator, closed the door behind her, and touched Plaintiff on his genitals. (*Id.*) Plaintiff asked her to stop. (*Id.*) Plaintiff further alleges that she left the walk-in, returned a minute later and asked Plaintiff to engage in a sexual act. (*Id.* at 1 – 2.)

Plaintiff quit his job the next day and reported the incidents to unidentified York County Jail officials. (*Id.* at 2.) According to Plaintiff, Defendant Daigle was "suspended pending [an] internal investigation." (*Id.*) Plaintiff alleges that after reporting the incident to the proper officials, he has been "threatened with criminal allegations." (*Id.*) Plaintiff

---

[3] The facts set forth below are derived from Plaintiff's complaint. Plaintiff's factual allegations are deemed true when evaluating a motion to dismiss. *McKee v. Cosby*, 874 F.3d 54, 59 (1st Cir. 2017).

2

alleges that the encounters with Defendant Daigle have caused him to suffer emotionally. (*Id.*)

## STANDARD OF REVIEW

**A.      Rule 12(b)(6) Motion to Dismiss**

In reviewing a motion to dismiss under Rule 12(b)(6), a court "must evaluate whether the complaint adequately pleads facts that 'state a claim to relief that is plausible on its face.'" *Guilfoile v. Shields*, 913 F.3d 178, 186 (1st Cir. 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In doing so, a court must "assume the truth of all well-pleaded facts and give the plaintiff the benefit of all reasonable inferences therefrom," but need not "draw unreasonable inferences or credit bald assertions [or] empty conclusions." *Id.* (alteration in original) (internal quotation marks omitted); *see Bruns v. Mayhew*, 750 F.3d 61, 71 (1st Cir. 2014) ("[A] court is 'not bound to accept as true a legal conclusion couched as a factual allegation.'" (quoting *Twombly*, 550 U.S. at 555)). Federal Rule of Civil Procedure 12(b)(6) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To evaluate the sufficiency of the complaint, therefore, a court must "first, 'isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements,' then 'take the complaint's well-pled (i.e., non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief.'" *Zell v. Ricci*, 957 F.3d 1, 7 (1st Cir. 2020) (alteration omitted) (quoting *Zenon v. Guzman*, 924 F.3d 611, 615-16 (1st Cir. 2019)).

"A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661 at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

**B.     Rule 12(b)(1) Motion to Dismiss**[4]

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). Accordingly, "[f]ederal courts are obliged to resolve questions pertaining to subject-matter jurisdiction before addressing the merits of a case." *Acosta-Ramírez v. Banco Popular de Puerto Rico*, 712 F.3d 14, 18 (1st Cir. 2013).

"A motion to dismiss an action under Rule 12(b)(1) . . . raises the fundamental question whether the federal district court has subject matter jurisdiction over the action before it." *United States v. Lahey Clinic Hosp., Inc.*, 399 F.3d 1, 8 n.6 (1st Cir. 2005) (quotation marks omitted). On such a motion, the court must "credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor." *Merlonghi v. United States*, 620 F.3d 50, 54 (1st Cir. 2010). The court "may also 'consider whatever evidence has been submitted.'" *Id.* (quoting *Aversa v. United States*, 99 F.3d

---

[4] Defendants Daigle and Aramark move for dismissal in part pursuant to Rule 12(b)(1). Although Defendant York County did not cite Rule 12(b)(1) in support of its motion, it argues that because Plaintiff failed to comply with the Maine Tort Claims Act (Motion at 7 – 8), the Court lacks jurisdiction over Plaintiff's state law claims.

4

1200, 1210 (1st Cir. 1996)).  The burden of proving subject matter jurisdiction falls to the party invoking the court's jurisdiction.  *Skwira v. United States*, 344 F.3d 64, 71 (1st Cir. 2003).

## DISCUSSION

**A.     Plaintiff's Failure to Respond to the Motions**

Generally, a plaintiff's lack of objection to the motion to dismiss "does not relieve the district court of the obligation to examine the complaint itself to see whether it is formally sufficient to state a claim." *Vega-Encarnacion v. Babilonia*, 344 F.3d 37, 41 (1st Cir. 2003); *see also Moore v. Doe¸* 2:21-cv-00220-JAW, 2022 WL 684383 at *1 (D. Me. Mar. 8, 2022) (assessing the merits of the complaint and motion to dismiss to be confident "that equity would not be offended by the dismissal").  However, "[w]hen a district court has promulgated a local rule, such as the District of Maine's Local Rule 7(b), which requires a party to file a written objection to any motion, it is within the district court's discretion to dismiss an action based on a party's unexcused failure to respond to a dispositive motion." *Parham v. Pelletier*, No. 2:11-cv-00435-DBH, 2012 WL 987336 at *3 (D. Me. Mar. 21, 2012).  The discretion is limited to dismissing cases "when the result does not clearly offend equity" or "conflict with a federal rule." *Pomerleau v. W. Springfield Pub. Sch.*, 362 F.3d 143, 145 (1st Cir. 2004) (quoting *NEPSK, Inc. v. Town of Houlton*, 283 F.3d 1, 7 (1st Cir. 2002)).

Plaintiff was evidently released from jail to a form of transition/temporary housing approximately two months before the filing of the motions. (Notice, ECF No. 15.)  He was to remain at the location for approximately forty-two days. (*Id.*) There is some question,

5

therefore, whether he was at the location when the motions were filed. Plaintiff thus might not have received the motions. Given the uncertainty as to whether Plaintiff received the motions and given that following his release from jail, Plaintiff expressed his intention to pursue this action, Plaintiff's failure to respond to the motions is not necessarily the product of his lack of interest or deliberate disregard of court rules. The equities, therefore, militate in favor of a review of the merits of the motions rather than a dismissal based solely on Plaintiff's failure to respond to the motions.

**B.     Motion to Dismiss of Defendant York County**

   **1.     Plaintiff's Constitutional Claim**

Although Plaintiff did not specifically reference a federal theory of recovery, Plaintiff's pleadings can reasonably be construed to allege that Defendant Daigle violated his Eighth Amendment rights. Defendant York County argues that Plaintiff's constitutional claim against it fails because Defendant Daigle is not employed by York County, Plaintiff has not alleged the conduct was the product of a York County policy or custom, and Plaintiff's harassment allegations do not constitute a constitutional violation. (Motion to Dismiss at 5.)

Plaintiff's constitutional claim is authorized and governed by 42 U.S.C. § 1983. Section 1983 does not provide substantive rights but is a vehicle "for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). To maintain a claim under section 1983, a plaintiff must establish: "1) that the conduct complained of has been committed under color of state law, and 2) that this conduct worked a denial of rights secured by the Constitution

or laws of the United States." *Barreto-Rivera v. Medina-Vargas*, 168 F.3d 42, 45 (1st Cir. 1999).

The Eighth Amendment prohibition on cruel and unusual punishments governs prisoners' treatment after conviction. *See City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 243 (1983). "Prison officials have a duty to provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates." *Giroux v. Somerset*, 178 F.3d 28, 31 (1st Cir. 1999) (citations and quotation marks omitted). To establish an Eighth Amendment violation, an inmate must plead a two-step standard. *Hudson v. McMillan*, 503 U.S. 1, 4 (1992). "First, the deprivation alleged must be, objectively, 'sufficiently serious'" and second, the "prison official must have 'sufficiently culpable state of mind.'" *Farmer v. Brennan*, 511 U.S. 834 (1994) (citations omitted). The "sexual assault of an inmate by a prison guard[5] violates the Eighth Amendment." *Covington v. Paris*, No. 19-cv-384-JD, 2021 WL 1430715, at *1 (D.N.H. Apr. 15, 2021) (citing *Brown v. Flowers*, 974 F.3d 1178, 1185-86 (10th Cir. 2020); s*ee also Chao v. Ballista*, 630 F. Supp. 2d 170, 180 (D. Mass. 2009) (collecting cases).

For a governmental entity to be liable for a constitutional deprivation, the record must include evidence that the entity's policy, custom, or practice caused the deprivation. *Welch v. Ciampa,* 542 F.3d 927, 941 (1st Cir. 2008). The applicable standard requires a

---

[5] Although Defendant Daigle is not a corrections officer, she would likely be considered a state actor while performing a traditionally public function. *See* discussion *infra* section C.

7

plaintiff to "identify a [governmental entity] 'policy' or 'custom' that caused the plaintiff's injury." *Bd. of Cty. Comm'rs v. Brown,* 520 U.S. 397, 403 (1997).

Plaintiff has not identified a policy or custom that resulted in the alleged deprivation of his constitutional rights. Plaintiff, therefore, has not pled a plausible constitutional claim against Defendant York County.

### 2. Plaintiff's State Law Claims

Defendant York County moves to dismiss any state law claim Plaintiff seeks to assert because Plaintiff failed to comply with the Maine Tort Claims Act, 14 M.R.S. §§ 8101-8118, and otherwise failed to allege an actionable state law claim. (Motion to Dismiss at 7.)

Plaintiff's allegations can be construed to assert a state law tort claim for the intentional infliction of emotional distress or assault and battery. A tort claim brought against a "governmental entity" such as York County is actionable only as permitted by the Maine Tort Claims Act (MTCA). 14 M.R.S. § 2-807(4); 14 M.R.S.§ 8104-C. Under the MTCA, to assert an action against a governmental entity, a claimant must first file a notice with the governmental entity "[w]ithin 365 days after any claim or cause of action" accrues. 14 M.R.S. § 8107(1). After the notice, the governmental entity has 120 days to "act thereon and notify the claimant in writing of its approval or denial of the monetary damages claimed." *Id.* § 8108. This provision "acts as a jurisdictional bar if a plaintiff fails to wait 120 days before filing suit." *Learnard v. Inhabitants of Town of Van Buren*, 164 F. Supp. 2d 35, 40 (D. Me. 2001) (dismissing the "state law tort claims without prejudice" for lack of subject matter jurisdiction).

Plaintiff has not alleged, and the record does not otherwise reflect, that Plaintiff complied with the MTCA. Furthermore, given Plaintiff's lack of response to Defendant's motion, Plaintiff has not challenged Defendant's contention that he failed to comply with the MTCA. Accordingly, to the extent Plaintiff's complaint is construed to allege a state law claim, dismissal is warranted.

**C.     Motion to Dismiss of Defendants Aramark and Daigle**

Plaintiff's complaint against Defendants Daigle and Aramark can reasonably be construed as asserting a claim pursuant to 42 U.S.C. § 1983 for the violation of the Eighth Amendment.[6]

Although Defendant Aramark is a private corporation and Defendant Daigle is a private employee, because they provide a service the jail must provide, they are considered "state actors" for purposes of the federal civil rights statute 42 U.S.C. § 1983. *See Farmer*, 511 U.S. at 833 ("prison officials must ensure that inmate receive adequate food, clothing, shelter, and medical care"); *Rodriguez-Garcia v. Davila*, 904 F.2d 90, 98 (1st Cir. 1990) (asserting that "prisons are public functions that, when 'privatized' still retain their public nature, and action under color of law may still be found."); *Hallec Ravan v. Talton*, No. 21-11036, 2023 WL 2238853, at *5 n.8 (11th Cir. Feb. 27, 2023) (stating the private food service that provides food to the prison, "is a state actor because it feeds incarcerated people.")

---

[6] *See* discussion *supra* section B.1.

### 1.     **Defendant Daigle**

Plaintiff alleges Defendant Daigle made "sexual comments and 'jokes' that made [him] feel uncomfortable. (Complaint at 1.) Defendant Daigle's comments alone are not enough to state a claim because "verbal and sexual harassment does not give rise to section 1983 liability in the prison context." *Collins v. Graham*, 377 F. Supp. 2d 241, 243 (D. Me. 2005). Plaintiff, however, alleges more than just the unwanted sexual comments. He alleges that Defendant Daigle inappropriately touched him three times. "[S]exual assault occurs when 'a prison staff member, acting under color of law and without legitimate penological justification, touches the prisoner in a sexual manner or otherwise engages in sexual conduct for the staff member's own sexual gratification, or for the purpose of humiliating, degrading, or demeaning the prisoner.'" *Covington*, 2021 WL 1430715, at *1 (quoting *Bearchild v. Cobban*, 947 F.3d 1130, 1144 (9th Cir. 2020). Plaintiff has alleged an actionable federal claim against Defendant Daigle. Plaintiff has also alleged a plausible state law claim against Defendant Daigle for the assault/battery and the intentional infliction of emotional distress.[7]

---

[7] Although Defendant Daigle would under certain circumstances be considered a governmental employee under the MTCA, *see Hamilton v. Woodsum*, 2020 ME 8, ¶ 28, 223 A.3d 904, 910, (question is whether the person or "entity was performing a governmental function on behalf of a governmental entity"), the conduct alleged cannot reasonably be construed as the performance of a governmental function. The protections of the MTCA, therefore, do not operate as a bar to the state law claims against Defendant Daigle.

### 2.   Defendant Aramark

Defendant Aramark argues that Plaintiff's constitutional claim against it fails because there is no vicarious liability under § 1983 and because Plaintiff has not alleged existence of a policy or custom. (Motion to Dismiss at 10 – 11.)

"Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Ashcroft*, 556 U.S. at 676. "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.*[8] The mere fact that Plaintiff has alleged a plausible § 1983 claim against Defendant Daigle thus does not result in potential liability for Defendant Aramark.

A private contractor such as Aramark, which provides services at a state or county jail, is generally treated as a municipality for purposes of section 1983 claims. *See Wall v. Dion*, 257 F. Supp. 2d 316, 319-20 (D. Me. 2003); *see also Witham v. Corizon, Inc.*, No. 2:12-cv-00146-NT2012 U.S. Dist. LEXIS 152869, at \*\*20-21 & n. 4 (D. Me. Sep. 17, 2012). "[A]lthough a municipality may not be held liable under a theory of respondeat superior for an employee's constitutional violation, it may be held liable when 'execution

---

[8] "This does not mean, however, that for section 1983 liability to attach, a supervisor must directly engage in a subordinate's unconstitutional behavior." *Guadalupe-Baez v. Pesquera*, 819 F.3d 509, 515 (1st Cir. 2016). "[L]iability may attach 'if responsible official supervises, trains, or hires a subordinate with deliberate indifference toward the possibility that deficient performance of the task eventually may contribute to a civil rights deprivation." *Sanchez v. Pereira-Castillo*, 590 F.3d 31, 49 (1st Cir. 2009) (quoting *Camilo-Robles v. Zapata*, 175 F.3d 41, 44 (1st Cir. 1999). Defendants address this argument in the motion to dismiss, but the Court does not construe Plaintiff's complaint to allege a failure to train cause of action.

11

of [the municipality's] policy or custom . . . inflicts the injury' and is the 'moving force' behind the employee's constitutional violation." *Saldivar v. Racine*, 818 F.3d 14, 20 (1st Cir. 2016) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

Plaintiff has not identified an Aramark policy or custom that resulted in the alleged deprivation of his constitutional rights. Dismissal of Plaintiff's federal claim against Defendant Aramark, therefore, is warranted.

Dismissal of any state law claim against Defendant Aramark is also appropriate. Because Plaintiff has not alleged any facts to support an independent state law claim against Defendant Aramark, Plaintiff's state law claims against Defendant Aramark would be based on vicarious liability as it employed Defendant Daigle at the time of her alleged tortious conduct. Because Defendant Daigle's alleged conduct cannot reasonably be considered as within the scope of her employment, Plaintiff cannot sustain a vicarious liability claim against Defendant Aramark. *See Mahar v. StoneWood Transport*, 2003 ME 63 ¶ 14, 823 A.2d 540, 544 (quoting *Lyons v. Brown*, 158 F.3d 605, 609-10 (1st Cir. 1998) ("Acts relating to work and done in the workplace during work hours are within the scope ... while serious intentional wrongdoing is outside it.")

## CONCLUSION

Based on the foregoing analysis, I recommend:

1. The Court grant Defendant York County's motion to dismiss and dismiss Plaintiff's claims against Defendant York County;

2. The Court grant Defendant Aramark's motion to dismiss and dismiss Plaintiff's claims against Defendant Aramark; and

12

    3. The Court deny Defendant Daigle's motion to dismiss.

Because Plaintiff did not file a response to the motion and because Plaintiff has not otherwise communicated with the Court since February 21, 2023, I also recommend the Court dismiss Plaintiff's complaint against Defendant Daigle for the failure to prosecute unless Plaintiff, within fourteen days of the date of this recommended decision, notifies the Court of his intention to continue to pursue his claim against Defendant Daigle.[9]

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

                                              /s/ John C. Nivison
                                              U.S. Magistrate Judge

Dated this 22nd day of June, 2023.

---

[9] "A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte for any of the reasons prescribed in Fed. R. Civ. P. 41(b)." *Cintron-Lorenzo v. Dep't de Asumtos del Consumidor*, 312 F.3d 522, 526 (1st Cir. 2002) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 – 31 (1962)). Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action for a party's failure to prosecute. As noted above, there is some uncertainty as to whether Plaintiff resides at the address listed on the court's docket. If Plaintiff fails to advise the court of his intention to pursue this action and if the copy of the recommended decision mailed to Plaintiff is returned to the court because Plaintiff no longer resides at the address, dismissal is nevertheless warranted for failure to prosecute. A party to litigation has a duty to inquire periodically regarding the status of the litigation and to keep the court informed of her or his current address and contact information. *United States v. Guerrero*, 302 Fed. App'x 769, 771 (10th Cir. 2008); *Lewis v. Hardy*, 248 Fed. App'x 589, 593 (5th Cir. 2007) (per curiam); *Carvel v. Durst*, No. 1:09-cv-06733, 2014 WL 787829, at *1 n.5 (S.D.N.Y. Feb. 25, 2014); *Am. Arbitration Ass'n, Inc. v. Defonseca*, No. 1:93-cv-02424, 1997 WL 102495, at *2 (S.D.N.Y. Mar. 6, 1997) ("[A] litigant's obligation to promptly inform the Court and the opposing party of an address change is a matter of common sense, not legal sophistication.")