# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| **MICHAEL R. VANETTEN JR.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )  2:22-cv-00291-JDL |
| | ) |
| **JUDITH DAIGLE et al.,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## ORDER ACCEPTING THE RECOMMENDED DECISION OF THE MAGISTRATE JUDGE

Plaintiff Michael R. VanEtten, Jr.,[1] proceeding pro se, brings this action against Defendants Judith Daigle (an Aramark employee), Aramark, and York County Jail,[2] alleging that Daigle sexually harassed him while he was incarcerated at York County Jail and that he suffered severe emotional distress as a result of her conduct (ECF No. 1). York County moved to dismiss the Complaint (ECF No. 23), and Aramark and Daigle filed a joint Motion to Dismiss (ECF No. 25). Since the filings of these motions in April 2023, VanEtten has not filed an objection or otherwise responded.

---

[1] VanEtten notified the Court (ECF No. 9) that his last name had been reported incorrectly on the docket and clarified that his surname is spelled "VanEtten." Because it is unclear from the handwritten letter and other handwritten filings on the docket whether this surname is spelled "VanEtten" or "Van Etten," I refer to him as VanEtten in this Order.

[2] VanEtten originally named the York County Jail as a Defendant, but the Court construes his Complaint as asserting claims against York County, the proper party to this action. *Gurhan v. City of Saco*, No. 2:19-cv-00349-GZS, 2019 WL 5589044, at *1 n.2 (D. Me. Oct. 30, 2019), *report and recommendation adopted*, No. 2:19-cv-00349-GZS, 2019 WL 5970242 (D. Me. Nov. 13, 2019).

1

United States Magistrate Judge John C. Nivison filed his Recommended Decision on the motions with the Court on June 22, 2023 (ECF No. 26), pursuant to 28 U.S.C.A. § 636(b)(1)(B) (West 2023) and Fed. R. Civ. P. 72(b)(1).  Judge Nivison recommends granting York County's Motion to Dismiss and granting the joint Motion to Dismiss as to the claims against Aramark but denying it as to the claims against Daigle.  The time within which to file objections has expired, and no objections have been filed.  The Magistrate Judge provided notice that a party's failure to object would waive the right to *de novo* review and appeal.

Notwithstanding this waiver, I have reviewed and considered the Recommended Decision, together with the entire record, and have made a *de novo* determination of all matters adjudicated by the Magistrate Judge.  I concur with the recommendations of the Magistrate Judge for the reasons set forth in his Recommended Decision and determine that no further proceeding is necessary.

It is therefore **ORDERED** that the Recommended Decision (ECF No. 26) of the Magistrate Judge is hereby **ACCEPTED** as follows:

(1) York County's Motion to Dismiss (ECF No. 23) is **GRANTED** and VanEtten's claims brought against York County are **DISMISSED**; and

(2) The Motion to Dismiss filed by Aramark and Daigle (ECF No. 25) is **GRANTED IN PART** as to the claims brought against Aramark, and VanEtten's claims against Aramark are

        **DISMISSED**.  It is **DENIED IN PART** as to the claims brought against Daigle.

It is further **ORDERED** that VanEtten shall notify the Court in writing no later than 14 days from the date this Order issues as to whether he intends to proceed with his claims against Daigle.  VanEtten's failure to comply with this order will result in the dismissal of this action for failure to prosecute his remaining claims.

    **SO ORDERED.**

    **Dated: August 16, 2023**

                                              /s/ Jon D. Levy  
                                      **CHIEF U.S. DISTRICT JUDGE**